1  Ryan L. McBride, Esq. (SBN: 297557)
2  ryan@kazlg.com
   **KAZEROUNI LAW GROUP, APC**
3  2633 E. Indian School Road, Suite 460
4  Phoenix, AZ 85016
   Telephone:   (800) 400-6808
5  Facsimile:   (800) 520-5523

6  *Attorneys for Plaintiff*
7  Hunington Sachs f/k/a Leslie Sachs

8

9                      **UNITED STATES DISTRICT COURT**
10                     **CENTRAL DISTRICT OF CALIFORNIA**
11

| Hunington Sachs f/k/a Leslie Sachs, | CASE NO. 2:20-cv-07508 |
|---|---|
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF:** |
| v. | **I.  THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.*;** |
| Educational Credit Management Corporation d/b/a ECMC, | **II. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.*; AND** |
| Defendant. | **III. VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693 *ET SEQ.* ("EFTA")** |
|  | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq,* to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. HUNINGTON SACHS F/K/A LESLIE SACHS ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EDUCATIONAL CREDIT MANAGEMENT CORPORATION D/B/A ECMC ("Defendant"), with regard to unlawfully misleading Plaintiff by telling Plaintiff that he applied and was accepted for a loan rehabilitation program when he actually was not.

4. Plaintiff is informed and believes that Defendant has also mischaracterized the amount due and balance owed by Plaintiff and that Defendant

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

has misapplied payments thereby attempting to collect unlawful amounts regarding Plaintiff's student loans in violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and California Business and Professions Code 17200, and the Electronic Funds Transfer Act ("EFTA").

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

### JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendant's violations of (i) California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); (ii) California Business and Professions Code § 17200, and (iii) the Electronic Funds Transfer Act ("EFTA").

12. Because Defendant conducts business within the State of California, and the jurisdiction of this court, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the County of Los Angeles, State of California, from whom various debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

15. Plaintiff is also a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c).

16. Defendant is a student loan servicer located in the State of Minnesota and registered with the California Secretary of State.

17. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

18. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

## FACTUAL ALLEGATIONS

19. Plaintiff is an individual who resided in Seattle, Washington prior to 2009. Starting in 2009 Plaintiff resided within the State of California.

20. On approximately August 19, 1991, Plaintiff entered into a student loan agreement with the original creditor who Plaintiff believes to be named the "Student Loan Marketing Association. The initial principal of the student loan was broken into six different sub-loans and totaled $24,858.00. With the exception of one of the sub-loans, all of the loans had a 9% interest rate. The sub-loan that totaled $4,000

had a 9.34% interest rate. Pursuant to the contract subsequently provided by ECMC to Plaintiff, these were the only fees Plaintiff was obligated to pay in relation to the loans between the original creditor and Plaintiff.

21. Defendant admitted that it does not have a better copy of the original loan agreement dated August 19, 1991 in a September 15, 2014 response to Plaintiff's request for review of Plaintiff's loan with Defendant.

22. The account was subsequently transferred, assigned, and/or sold to Defendant.

23. Plaintiff's account with Defendant was assigned account number 689425 (the "Account").

24. In or about 2012, Plaintiff contacted Defendant to dispute the balance on the Account and to determine if he was able to get on a different payment plan due to economic hardship.

25. Without Plaintiff's knowledge, sometime shortly after this phone call, Defendant and/or its agent registered Plaintiff for a "Loan Rehabilitation Program." Plaintiff never agreed verbally or in writing to participate in this "Loan Rehabilitation Program".

26. Despite never agreeing to participate in the Loan Rehabilitation Program, Plaintiff was registered for the Loan Rehabilitation Program and subsequently fell behind on payments in the program because Plaintiff was not aware he was actually in the program. Furthermore, Plaintiff was assessed collection fees and other fees due to falling behind in payments.

27. On or about the first week of January 2020, Defendant's representative, Deborah Bierwerth, told Plaintiff on a phone call that Defendant had proof that Plaintiff signed up for a Loan Rehabilitation Program. Specifically, Ms. Bierwerth told Plaintiff that Defendant had a copy of the Loan Rehabilitation Program agreement signed by Plaintiff.

28. Furthermore, Ms. Bierwerth told Plaintiff in an email on January 2, 2020 at 11:15am that Defendant's collection agency, Premier Credit of North America ("Premier"), had a copy of the Loan Rehabilitation Agreement signed by Plaintiff that was archived. Ms. Bierwerth further told Plaintiff she had requested a copy of the Loan Rehabilitation Agreement signed by Plaintiff.

29. Later, on a phone call with Plaintiff, Ms. Bierwerth retracted her previous statements and admitted to Plaintiff that there was not a signed Loan Rehabilitation Program Agreement at Premier or with Defendant.

30. Defendant then told Plaintiff that the agreement was actually entered into on a phone call in 2012.

31. Despite Plaintiff's request for the recording of the phone call in 2012, Defendant was unable to provide it.

32. As a result of Defendant's statement to Plaintiff that Plaintiff had signed an agreement for a Loan Rehabilitation Program with Defendant and Defendant had a copy of the agreement, Defendant made a false and deceptive representation to Plaintiff in violation of 15 U.S.C. §§ 1692e and 1692e(10).

33. As a result of Plaintiff being unknowingly enrolled in the Loan Rehabilitation Program, Plaintiff has been charged additional fees that were not contemplated by Plaintiff's original loan agreement. This has resulted in amounts being withdrawn from Plaintiff's bank account that were not authorized by Plaintiff in violation of the EFTA.

34. Furthermore, during the course of Plaintiff's loan with Defendant, the principal balance has increased from $24,858.00 to over $260,000. Plaintiff is informed and believes this exponential increase is a result of Defendant's illegal fees charged to Plaintiff and willful miscalculation by Defendant.

35. Through attempting to the collect the illegal fees, Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into

the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

36. Furthermore, as required by General Accepted Accounting Principle ("GAAP"), Defendant has refused to specify the accounting behind the exponential increase in principal balance allegedly owed by Plaintiff.

37. Moreover, Plaintiff is informed and believes that Defendant has assessed multiple fees, including but not limited to late fees to Plaintiff that are not authorized by contract or by law.

38. Through forced late fees and other fees, Defendant misrepresented information related to Plaintiff's Account.

39. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

40. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

41. As a result of Defendant's actions and inactions, Plaintiff has been extremely frustrated, and feels hopeless that he cannot resolve the issue with Defendant, despite diligent efforts and an enormous amount of time spent by Plaintiff.

42. The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety. Despite this knowledge, Defendant continued to pursue Plaintiff for an invalid debt causing Plaintiff to suffer.

43. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss

of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate accounting, without success.

44. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

47. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant except the Credit Bureaus.

### COUNT II

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 ET. SEQ.

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the California Business and Professions Code § 17200 et seq.

50. As a result of each and every violation of California Business and Professions Code § 17200 et seq., Plaintiff is entitled to any actual and punitive damages pursuant to §§ 17206 and 17206.1.

51. As a result of each and every violation of California Business and Professions Code § 17200 et seq., Plaintiff is entitled to injunctive relief pursuant to § 17203.

## COUNT III

### VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693 ET. SEQ.

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

54. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a) and California Business and Professions Code § 17206, against each named Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to California Business and Professions Code § 17206, against Defendant;
- An award of punitive damages, in an amount to be determined at trial, pursuant to California Business and Professions Code § 17206.1, against Defendant;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,
- Any and all other relief the Court deems just and proper.

## **TRIAL BY JURY**

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**KAZEROUNI LAW GROUP, APC**

Date: August 19, 2020    By: *s/ Ryan L. McBride*
                                        Ryan L. McBride, Esq.
                                        *Attorneys for Plaintiff*